# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| V CARS, LLC (formerly VISIONARY VEHICLES, LLC), a Delaware limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | 2: 10-mc-0323 |
| v. | ) ) | Case pending in the |
| ISRAEL CORPORATION, a corporation organized under the laws of the State of Israel, | ) ) ) ) | Southern District of New York Case No. 09 CIV 8969 (PGG) |
| Defendant. | ) ) | |

## MEMORANDUM ORDER

Pending before the Court is the MOTION TO QUASH SUBPOENA (Document No. 9) filed on behalf of Peter Oppelt, who is represented in this matter by attorney Chad Michaelson, who is also counsel for Defendant Israel Corporation. The motion has been thoroughly briefed by counsel on both sides (Document Nos. 10, 15, 16) and is ripe for disposition.

The underlying case is proceeding in the United States District Court for the Southern District of New York ("S.D.N.Y."). Oppelt is not a named party in this case. Plaintiff V Cars, LLC ("V Cars") filed a motion in the S.D.N.Y. to compel Israel Corporation to produce Oppelt for a deposition. That motion has apparently been stayed by Magistrate Judge Gabriel Gorenstein pending Plaintiff's effort to subpoena Oppelt in this Court pursuant to Fed. R. Civ. P. 45. Accordingly, the role of this Court is limited to the resolution of this ancillary discovery dispute.

V Cars contends that Oppelt is subject to this Court's subpoena power. V Cars argues

that Oppelt is a Pennsylvania resident based on the following: (1) private investigator Howard Kravitz determined that Oppelt's mother, Ursula Oppelt, owns a home at 676 Harrogate Road, Pittsburgh, Pennsylvania 15241; (2) when Kravitz posed as a package delivery person, Mrs. Oppelt confirmed that 676 Harrogate Road, Pittsburgh, Pennsylvania, would be a suitable address for delivery of a package to Oppelt; (3) Oppelt has a Pennsylvania drivers license; (4) when private investigator Keith Scannell attempted to personally serve the subpoena on Oppelt at the 676 Harrogate address, the female occupant of the residence (presumably Ursula Oppelt) took possession of the subpoena and $45 check payable to Oppelt; and (5) the female resident told Scannell that Oppelt was "out of town" and that she could not give a date when he may return. V Cars seeks to draw an adverse inference because Ursula Oppelt allegedly did <u>not</u> say that her son was "out of the country." Scannell conducted surveillance of the 676 Harrogate address twice per day from August 25-September 14, 2010, but did not see vehicles parked outside of, coming to, or going from the residence.

Peter Oppelt has submitted a Declaration in which he avers that he and his family have resided in Shanghai, China since December 2008 and that he intends to remain in China until at least December 2011. Oppelt further declares that he is employed and regularly conducts business in Shanghai, China. Oppelt states that he owns no property in Pennsylvania, has not visited Pennsylvania since December 2008, and has no present intention of doing so. The Court takes judicial notice that Shanghai, China is located substantially more than 100 miles from this judicial district.

Federal Rule of Civil Procedure 45(c)(3)(A)(ii) provides that upon timely motion, "the issuing court ***must*** quash or modify a subpoena that . . . requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed,

or regularly transacts business in person…" (Emphasis added). The Court "must" also quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv).

It is abundantly clear that V Cars has failed to demonstrate that Peter Oppelt is a resident of Pennsylvania. In contrast to the clear and specific Declaration submitted by Peter Oppelt that he has resided in China since 2008, V Cars can point only to the allegation that Oppelt's mother is willing to accept a package on her son's behalf. Ursula Oppelt's statement that her son is "out of town" is accurate and completely consistent with Peter Oppelt's Declaration. Indeed, the private investigators engaged by V Cars essentially confirmed that Peter Oppelt is not residing in Pennsylvania. Oppelt is far beyond the subpoena power of this Court and to require him to attend a deposition in the Western District of Pennsylvania would subject him to undue burden.

In accordance with the foregoing, the MOTION TO QUASH SUBPOENA (Document No. 9) filed by Peter Oppelt is hereby **GRANTED.** This case shall be docketed closed.

So **ORDERED** this 15th day of December, 2010.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Alfred G. Yates , Jr., Esquire
Email: Yateslaw@aol.com

Andrew Kochanowski, Esquire
Email: AKochanowski@sommerspc.com

Chad Michaelson
Email: cim@muslaw.com